# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOSE M. BONILLA,

                Petitioner,

v.

       Case No. 11-CV-715-JPS

WARDEN MICHAEL MEISNER,

                Respondent.

       **ORDER**

On September 2, 2011, the court issued an Order to Show Cause (Docket #5) requiring petitioner Jose M. Bonilla ("Bonilla") to show why he might be entitled to equitable tolling of the one-year statute of limitations on bringing habeas petitions in federal court. On September 19, 2011, Bonilla filed his Response (Docket #6). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes an initial screening of habeas corpus petitions and summary dismissal of petitions where it is plain from the face of the petition that the petitioner is not entitled to relief. A state prisoner filing a habeas petition under 28 U.S.C. § 2254, as Bonilla has done here, must do so within one year of the judgment becoming final. 28 U.S.C. § 2244(d)(1)(A). In its order, the court found that a total of 412 days had passed between the time Bonilla's conviction became final and the date on which he filed his petition. Thus, Bonilla's petition would be time-barred.

However, the timeliness provision of the statute may be subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The court ordered Bonilla to show cause that he was entitled to equitable tolling. In his Response, he instead points out that he petitioned the Wisconsin Supreme Court for review of the denial of his post-conviction motion. As such, the court's original calculation as to the number of days that have passed since

his conviction became final appears inaccurate. As the court originally noted, Bonilla's conviction became final on January 18, 2009, beginning the one-year limitation period. He sought post-conviction relief on June 19, 2009, 152 days later. Filing for post-conviction relief tolled the limitation period. Originally, the court found that the tolling period ended on November 9, 2010, when the court of appeals affirmed the denial of his motion. However, as Bonilla now points out, he in fact filed for review with the Wisconsin Supreme Court, which denied his petition on April 12, 2011. Thus, rather than tolling the period only from June 19, 2009, to November 9, 2010, it appears the period was tolled from June 19, 2009, to April 12, 2011. Bonilla then filed the instant petition on July 27, 2011. Thus, the limitations period ran for 106 days between April 12, 2011, and July 27, 2011. A total of 258 days has run between the date on which Bonilla's conviction became final and the filing of his petition in this court. As such, it appears Bonilla's petition is in fact timely.

The court will, therefore, continue its Rule 4 screening by analyzing whether Bonilla exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims. R. Governing § 2254 Cases in the U.S. District Courts 4. The court begins with exhaustion. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice

of either returning to state court to exhaust the claim or amending and resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).

Bonilla lists eight grounds for relief in his petition: (1) a defective trial court plea colloquy led to violations of due process, equal protection, and entry of a plea that was not voluntary, knowing, and intelligent; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) ineffective assistance of trial counsel; (5) ineffective assistance of trial counsel; (6) violation of due process and equal protection when the court of appeals affirmed denial of his post-conviction motion under a procedural bar; (7) ineffective assistance of trial counsel; and (8) violation of his Fifth and Fourteenth Amendment rights by the State's failure to disclose exculpatory evidence. According to his petition, Bonilla's direct appeal presented to the Wisconsin Supreme Court the issue of whether his plea was voluntary, and whether trial counsel was ineffective.[1] Bonilla also notes that he raised the issues of ineffective assistance of appellate counsel, improper procedural bar, and disclosure of exculpatory evidence in his post-conviction motion, for which he petitioned the Wisconsin Supreme Court for review. As such, it does not appear that Bonilla failed to exhaust any of his claims.

---

[1]The court notes that ineffective assistance of counsel is considered one ground, despite the number of failings argued. *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). However, failure to raise particular factual and legal bases may be considered default of those bases. *Id.* at 934-35. Thus, though Bonilla's petition lists numerous failings of trial counsel, some of which may not have been presented on direct appeal, it is apparent in terms of exhaustion that Bonilla properly exhausted his claim of ineffective assistance of trial counsel.

Case 2:11-cv-00715-JPS   Filed 11/04/11   Page 3 of 8   Document 7

Next, the court looks to whether Bonilla's claims have been procedurally defaulted. Even though a constitutional claim in a federal habeas petition has been exhausted, the district court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Specifically, where a prisoner fails to raise the claim in accord with state procedure, that default is a bar to federal review only where the state court's decision is "both 'independent' and 'adequate' to support that court's judgment." *Id.* Independence occurs where the court actually relied on the ground independently for disposition, and "clearly and expressly state[d] that its judgment rests on a state procedural bar." *Id.* (alteration in original). Adequacy occurs only where the rule is "firmly established and regularly followed," and not where it is "infrequently, unexpectedly, or freakishly applied." *Id.* (internal quotation omitted). Additionally, a ground is not adequate where a prisoner "could not have been deemed to have been apprised of [the rule's] existence at the time he omitted the procedural step." *Id.* at 1000-01 (alteration in original).

On direct appeal, Bonilla raised, and the state courts disposed of, issues regarding the validity of his guilty pleas, the trial court's exercise of sentencing discretion, ineffective assistance of trial counsel, and a claimed

Case 2:11-cv-00715-JPS   Filed 11/04/11   Page 4 of 8   Document 7

jurisdictional issue. However, he did not raise certain arguments regarding ineffective assistance of trial counsel until his post-conviction motion. Further, Bonilla did not raise the issue of the State's failure to provide exculpatory evidence, violation of his rights by denying the post-conviction motion under a procedural bar, or ineffective assistance of appellate counsel until his post-conviction motion. That post-conviction motion was in turn summarily denied as procedurally barred under *State v. Tillman*, 2005 WI App 71, 281 Wis. 2d 157, 696 N.W.2d 674, and *State v. Escalona-Naranjo*, 517 N.W.2d 157 (Wis. 1994).

*Escalona-Naranjo* held that Wisconsin's post-conviction procedure requires a prisoner to raise all grounds regarding relief in the original post-conviction motion; a successive motion or appeal which could have been brought at the same time runs counter to the statute. 517 N.W.2d at 163-64. A no-merit appeal in Wisconsin qualifies as such an original post-conviction motion. *State v. Allen*, 2010 WI 89, ¶ 41, 328 Wis. 2d 1, 786 N.W.2d 124. As such, *Tillman* confirmed that a defendant waives any issues not raised in response to appellate counsel's no-merit report following a no merit notice of appeal filed on direct appeal. 2005 WI App 71, ¶ 19. In light of these procedural rules, it becomes clear that Bonilla failed to raise his claims regarding exculpatory evidence and certain bases for ineffective assistance of trial counsel in the manner required by Wisconsin law. Thus, the court finds Bonilla's eighth ground for relief, failure to disclose exculpatory evidence, procedurally defaulted. The court further finds that all factual or legal arguments regarding ineffective assistance of trial counsel not raised on direct appeal procedurally defaulted and waived under *Pole v. Randolph*, 570 F.3d 922, 934-35 (7th Cir. 2009). However, the current record before the court makes it difficult to determine exactly which grounds raised in the instant

Case 2:11-cv-00715-JPS   Filed 11/04/11   Page 5 of 8   Document 7

petition are waived in such a manner. As such, the court will leave such a determination for after the government responds. As to Bonilla's claim of ineffective assistance of appellate counsel, it is unclear whether he actually raised that issue in his post-conviction motion as neither the circuit court nor appellate court mentioned it. What's more, if it was raised and summarily dismissed, that would appear incompatible with dismissal under a procedural bar because ineffective assistance of appellate cannot be raised on direct appeal (it logically can only occur after completion of appeal). As such, that ground survives the Rule 4 screen. Bonilla's claim with regard to improper application of the procedural bar is dealt with below.

The Court concludes its Rule 4 review by screening the petition for patently frivolous and speculative claims. *Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This includes grounds that fail to state a claim. *Id.* Bonilla's claims as to an invalid plea and ineffective assistance of counsel all state cognizable constitutional claims. However, Bonilla's complaint that his post-conviction motion was improperly denied under a procedural bar fails to state a claim. Bonilla's sixth ground essentially complains that the state courts' denial of his post-conviction motion under a procedural bar was in error because it improperly dismissed his claim of ineffective assistance of appellate counsel. This is not a ground for relief, but a legal argument for why this court should review his instant claim for ineffective assistance of appellate counsel. However, federal habeas relief is not a remedy for errors of state law. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). In *Montgomery*, the court held that delay in receiving a ruling on a state collateral appeal was not a violation of the Due Process Clause, noting that "[d]elay in processing that collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant . . .

relief." *Id.* Here, improper application of a state procedural bar could only affect the constitutionality of Bonilla's custody if his underlying claims would succeed. But the court agreed, as discussed above, with application of the bar to all claims but ineffective assistance of appellate counsel, and even with regard to that claim, the lawfulness of Bonilla's imprisonment turns on whether counsel was ineffective, not whether the state courts properly barred his argument. Thus, the court will also dismiss this ground with the understanding that Bonilla may advance these legal arguments in the context of his ineffective assistance of appellate counsel claim if necessary to rebut procedural default. Thus, in summary, the court will dismiss Bonilla's sixth and eighth grounds for relief and permit the rest of the petition to proceed with the understanding that some of his arguments for ineffective assistance of trial counsel have likely been waived.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

IT IS ORDERED that grounds six and eight of Bonilla's petition be and the same are hereby DISMISSED; and

IT IS FURTHER ORDERED that the parties in this action shall proceed in accordance with the following briefing schedule:

1.    Respondent shall respond to the petition in the form of either an answer to the petition or a dispositive motion within thirty (30) days of service thereof.

2.    If the respondent files an answer to the motion, the petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer. Respondent shall file an opposition brief with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner. Petitioner is permitted to file a reply brief within thirty (30) days of service of the respondent's opposition brief.

3.    If the respondent files a dispositive motion in lieu of an answer, the respondent shall file a supporting brief at the time the dispositive motion is filed. The petitioner shall file an opposition brief within thirty (30) days following the filing of respondent's dispositive motion, and the respondent is permitted to file a reply brief within fifteen (15) days of service of the petitioner's opposition brief.

4.    Unless otherwise noted, all briefing shall be in accordance with the local rules.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk is directed to serve a copy of the petition and this order on the respondent and on Assistant Attorney General Gregory M. Weber.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge